NO. 07-05-0222-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 27, 2006



______________________________




RANDY BRAZEAL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 16715-A; HON. JOHN B. BOARD, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Randy Brazeal appeals his conviction of theft of property of the value of
$1500 or more but less than $20,000. His appointed counsel has moved to withdraw after
filing a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and representing that he has searched the record and found no arguable grounds
for reversal. The brief indicates that appellant was informed of his right to review the
record and file his own brief. So too did we inform appellant that any response or brief he
cared to file had to be filed by January 26, 2006. To date, appellant has neither filed a pro
se response nor moved for an extension of time. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal. They involve 1) whether the punishment evidence was
sufficient to support a finding of "true" to the two enhancement paragraphs of the
indictment, and 2) whether trial counsel was ineffective. However, appellate counsel then
explained that even though the pen packet for one of the alleged offenses is not in the
record, appellant's plea of "true" is sufficient to support the court's finding. Counsel also
explained that the record does not reveal that trial counsel failed to assist his client in
determining whether to plead true to the enhancements and therefore a finding of
ineffective assistance cannot be made. We have also conducted our own review
of the record to assess the accuracy of appellate counsel's conclusions and to uncover any
reversible error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our
own review shows that the evidence presented during the bench trial is sufficient to
sustain the conviction and that the punishment assessed was within the range permitted
by law. We have found no arguable issue warranting reversal.

 Accordingly, the motion to withdraw is granted and the judgment of the trial court is
affirmed.

 Per Curiam 


Do not publish.



gly, counsel's motions to withdraw are hereby granted and the trial court's
judgments are affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).